No. 817

VARDALIDES v. STATE

Ohio Appeals, 2nd Dist., Montgomery Co. No. 802. Decided Aug. 3, 1927.

**661. INTOXICATING LIQUORS — 693. Knowledge—Finding, upon premises, raises** inference of knowledge but is not conclusive. Con..petent to show no knowledge of existence of liquor upon premises. Possession, under statute, means conscious possession.

Error to Common Pleas.

Judgment reversed.

Frank W. Howell, Dayton, for Vardalides.

Lon V. Volz, Dayton, for State.

BY THE COURT.

Plaintiff in error was convicted, in the Municipal Court, upon a charge of unlawful possession of intoxicating liquor. The Municipal Court assessed a fine of $500 and costs. Judgment was affirmed in the Common Pleas. Error is prosecuted in this court.

The sole question is the sufficiency of the evidence.

Plaintiff in error owns and operates a restaurant, with rooming apartments upstairs. The officers raided the premises, and found two half pints of whiskey, in a basket under a bed in the room upstairs, occupied by the housekeeper. The plaintiff in error and the housekeeper were, thereupon, arrested and brought to trial. The housekeeper was acquitted and the plaintiff in error was convicted.

The state offered the testimony of the policemen who made the raid and offered, as an exhibit, the liquor seized. One of the policemen testified that, after they had searched the restaurant, they went upstairs and plaintiff in error attempted to lead them away from room No. 12, where the whiskey was found. The plaintiff in error offered an explanation as to this.

The policemen testified that the housekeeper made the statement, at the time of the arrest, that the liquor belonged to the plaintiff in error and his brother Tony. Presumably this statement was made in the presence of the plaintiff in error. The policemen also testified that Vardalides denied that he knew anything about the liquor being on the premises.

There was offered, by way of defense, the testimony of the housekeeper, who testified that the brother brought the whiskey up to her room and put it in a basket, placing the same under the bed. She states positively that the accused knew nothing about this. The accused testified to the same effect.

The state relies, first, upon the inference arising from the fact that the accused was the owner and in possession of the place, and second, that the housekeeper made the statement at the time of the arrest that the whiskey belonged to the accused or belonged in the restaurant. This would make a case, which, if undisputed, would have been sufficient to sustain the conviction. We are, however, confronted with a proposition that all the witnesses who knew anything about the facts testify that the accused had nothing to do with the placing of the whiskey in said room and did not know of the fact that the liquor was so deposited.

This court has heretofore held that the finding of liquor upon premises occupied by the accused raises an inference of knowledge on the part of the accused, but is not conclusive. It is competent for the defendant to show, by satisfactory evidence, that he had no knowledge of the existence of the liquor upon his premises. Possession, under the statute

in question, means a conscious possession.

Upon a careful consideration of the evidence, we cannot escape the conclusion that the conviction of the plaintiff in error is contrary to the manifest weight of the evidence.

(Ferneding, Kunkle and Allread, JJ., concur.)