## MASTERS v STATE

Ohio Appeals, 2nd Dist, Greene Co

No 361.   Decided April 18, 1932

Lon Volz, Dayton, for plaintiff in error.
Marcus C. McCallister, Prosecuting Attorney, Xenia, for defendant in error.

HORNBECK, J.

The rule requiring proof of the guilt of a defendant beyond a reasonable doubt obtains in all of its strength in prosecutions for violations of the liquor laws the same as in other criminal cases. A defendant is presumed to be innocent until from the evidence adduced against him it appears beyond a reasonable doubt that he is guilty. When it is sought to convict upon circumstantial evidence the circumstances must be so convincing as to permit of no other reasonable inference than that of the guilt. of the defendant. The guilt of the defendant in this case must be established, if at all, by circumstantial evidence.

This, and other courts, have sustained many convictions against owners of property upon which liquor was found based upon a presumption of ownership and control of liquor found upon said premises, but we know of no case and none has been cited where any reviewing court has permitted a presumption of ownership and control to be indulged against the defendant where the liquor was found upon property which did not belong to him merely because he had access to the other property or lived near it. This case of liquor was found in a trash pile in an alley which could have been and probably was generally used, in any event it was open to public use and of access from the railroad. It was not permissible to indulge a presumption against the defendant that he possessed anything that might be found on that trash pile without other inculpating circumstances. We do not believe that there are other circumstances in this record sufficient to support a conclusion that the defendant was in the possession of the liquor which the officers seized. It is true, according to one witness, that he made some observation respecting the liquor before any mention was made to him that liquor had been found, but according to one officer he merely said that he (the officer) "Did not find anything on me" and to the other "That is not my whisky." It is well within a reasonable hypothesis that he may have known of the liquor which the officers found but that it did not belong to him. It is certain that either statement does not require the conclusion that he possessed the liquor. Then, too, from the record this liquor could have been placed upon that trash pile by any number of

persons other than the defendant. It is probable, although not conclusive, that someone of the men whom the officers saw go to the trash pile placed the liquor there but this may or may not have been the defendant.

The defendant's guilt must appear from the evidence in the immediate case against him. It is possible that the officers had some knowledge of former conduct on the part of Masters which was convincing to them that he was trafficking in liquors or possessing liquor but upon this record alone the facts fall short of the requirements of proof of defendant's guilt beyond a reasonable doubt. We reach this conclusion, giving to the State's case the most favorable intendment and without respect to the testimony of defendant that he did not possess the liquor and knew nothing about it.

We have been cited by counsel for defendant to the case of Vardalides v State of Ohio decided by this court, Montgomery County (unreported) August 5, 1927, (5 Abs 747). This was a reversal on the weight of the evidence. In this case the liquor was found upon the premises of the defendant but notwithstanding because of other persuasive facts the court reversed. Counsel for the State cite the case of **Docio v State, 34 Oh Ap 384.** The facts appearing in the opinion in this case are meager. We think it is probable that the liquor there found was upon the premises of the defendant. The court merely states the well recognized rule that the question whether or not the defendant unlawfully possessed intoxicating liquor is one of fact to be determined from all the circumstances.

The judgment will be reversed.

ALLREAD, PJ and HORNBECK, J, concur.